**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DR. STURLA STEFANSSON,** | : | |
| **Plaintiff,** | : | |
| v. | : | 5:04-cv-040 (HL) |
| **THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, and DISABILITY MANAGEMENT SERVICES, INC.,** | : | |
| **Defendants.** | : | |

## O R D E R

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs (Doc. 102), filed pursuant to 29 U.S.C. § 1132 (g)(1), the attorney's fee provision of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court carefully considered the motion, as well as memoranda submitted by both parties, and its findings are detailed below.

**I.    BACKGROUND**

This action arose out of the alleged wrongful denial of disability insurance benefits under ERISA. The Court summarized the pertinent facts of this case in a previous Order dated September 19, 2005 (Doc. 99). In the Order, the Court granted Defendants' Motion for Partial Summary Judgment (Doc. 59) finding Plaintiff's state law claims were preempted by ERISA. In arriving at this conclusion, the Court examined the preemption provision of ERISA and concluded that the policy in question was in fact an established employee welfare

benefit plan governed by ERISA. The Court also denied Defendants' Motion for a Second Independent Medial Exam (Doc. 46), as Defendants failed to provide evidence establishing that Plaintiff's failure to disclose that he was taking certain prescription drugs and was the subject of an internal investigation effected the previous medical exams, and their Motion to Remand for Additional Administrative Review (Doc. 80), as Defendants' failure to render a timely disability benefit determination allowed Plaintiff to pursue other appropriate remedies.

The Court's September 19 Order did not completely dispose of the case, but shortly before trial was set to begin, the parties settled their dispute over the nonpayment of benefits. In a letter dated March 7, 2006, Plaintiff's counsel brought to the Court's attention that the parties had reached an agreement whereby Defendants' "brought [Plaintiff] current with all past due benefits and [had] put him back 'on claim' with respect to monthly benefits due." (Pl's. Letter, doc. 101, at 1.) Notwithstanding Defendants' reluctance to admit liability, this agreement essentially disposed of the claim. The only remaining issue is Plaintiff's claim for attorney's fees and expenses. On April 5, 2006, Plaintiff filed the above-referenced Motion seeking an award of attorney's fees in the amount of $216,410.50, and costs in the amount of $13,889.37.

## II. DISCUSSION

Plaintiff has moved this Court for an award of attorney's fees, relying on an ERISA provision granting district courts discretion to grant such awards. "In any action under

[ERISA] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Unlike other provisions that allow district courts to use their discretion in awarding attorney's fees, §1132(g)(1) is not limited to prevailing parties – any party involved may rely on this provision and request an attorney's fee award.

When deciding whether to grant attorney's fees, a district court's determination should be governed by five factors the United States Court of Appeals for the Eleventh Circuit has adopted as the "nuclei of concerns." The factors, which should guide, but not control the district court's decision, are as follows:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001); Nachwalter v. Christie, 805 F.2d 956, 961-62 (11th Cir. 1986). The Eleventh Circuit also held that "[no] one of these factors is necessarily decisive, and some may not be apropos in a given case, but together

they are the nuclei of concerns that a court should address . . . . In particular types of cases, or in any individual case, however, other considerations may be relevant as well." Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co., 932 F.2d 1443, 1452 (11th Cir.1991) (quoting Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)). "We have noted that it is helpful for district courts to refer specifically to each of the Iron Workers factors in their analysis." Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993).

There is no controversy between the parties regarding the applicable law in this case. The source of the dispute here is the application of the five factors that this Court is instructed to consider before granting an award of attorney's fees. Not surprisingly, the parties disagree on all but one of the factors.

**A. Bad faith**

The first factor for the Court's consideration concerns whether Defendants exhibited bad faith, and if so, to what extent. Plaintiff contends that Defendants have been stubbornly litigious throughout the pursuit of his claim for benefits, and that such behavior is evidence of bad faith on their part. Specifically, Plaintiff points to Defendants' failure to simply honor their obligation, and instead to dispute Plaintiff's claim to the point litigation ensued. Defendants deny any wrongdoing, but instead accuse Plaintiff of being less than forthcoming when it came to divulging his symptoms.

The Court finds that there is insufficient evidence of Defendants' bad faith.

4

Defendants' offered a reasonable explanation for the delay in rendering and the ultimate denial of Plaintiff's disability benefits. In addition, the Court does not view Defendants' Motion to Compel a Second Independent Medical Exam, Defendants' Motion for Partial Summary Judgment, or Defendants' Motion to Remand Non-Justiciable Claims for Administrative Review and to Establish a Standard of Review as unnecessary or frivolous motions. Defendants prevailed on some issues and had reasonable legal arguments for those issue on which they did not prevail. Accordingly, this factor weighs against an award of attorney's fees.

**B. Ability to pay**

The second factor deals with whether Defendants could afford to pay Plaintiff's attorney's fees. There is no question that Defendants have the ability to satisfy the entire amount of attorney's fees sought by Plaintiff. Defendants make no objection to this point. Ultimately, this factor favors Plaintiff.

**C. Deterrence**

The third factor asks whether an award of attorney's fees assessed against Defendants would act as a deterrent to other persons. Plaintiff argues that the third factor favors his position because an award of attorney's fees levied against Defendants will cause other entities to hesitate before resorting to legal battles to fight a claim they know from the outset should be paid. Defendants counter, asserting that Plaintiff's claim was anything but clear before his suit was filed.

The dispute over Plaintiff's benefit claim centered around the sufficiency of the medical evidence provided to establish Plaintiff's disability. Plaintiff argued the evidence was sufficient; Defendants argued there was no medical evidence that supported Plaintiff's alleged cognitive disability. In light of the dispute over the sufficiency of the evidence, Plaintiff's disability benefits determination was a fairly individualized and fact-specific decision. It is, therefore, highly unlikely that a claim identical to Plaintiff's will be considered by any plan administrator in the future. Accordingly, the Court concludes that an award of attorney's fees in this case will not deter other plan administrators from acting in a similar manner as disability benefit determinations are highly individualized and fact-specific determinations.

**D. Significant legal question**

The fourth factor addresses whether the party requesting attorney's fees sought to benefit all participants of the plan or to resolve a significant legal question pertaining to ERISA. Plaintiff reasons that the fourth factor cuts in his favor as well. Plaintiff apparently concedes that his claim was not intended to benefit all participants and beneficiaries of the ERISA plan. Instead, Plaintiff argues the case resolved at least two significant legal questions in the ERISA arena. First, Plaintiff asserts the Court's finding, that Defendants' failure to render a benefits determination within the time limit imposed by 29 C.F.R. 2560.503-1(f)(3) effectively denied the claim and allowed Plaintiff to seek other available remedies, resolved a significant legal question. Second, Plaintiff asserts the Court's

conclusion, that a de novo standard of review was appropriate because Defendants failed to make a timely benefit determination, also resolves a significant legal question.

While the decisions cited above were substantial issues the Court had to address in this case, neither issue was a particularly unique or significant legal question regarding ERISA. Both issues had been previously address by multiple courts, statutes and regulations. In short, the Court simply applied established law to the facts and circumstances of this case. Furthermore, it can hardly be said that Plaintiff sought to resolve a significant ERISA question in bringing his claim, as Plaintiff's originally lawsuit asserted only state-law contract claims. Only after Defendants removed the case to federal court and argued that Plaintiff's claims were preempted by ERISA, did Plaintiff amend his Complaint to assert alternative claims under ERISA. Moreover, Plaintiff has consistently maintained throughout the course of this litigation that his claims are not preempted by ERISA. Based on the foregoing, the Court finds this factor weighs against awarding attorney's fees to Plaintiff.

**E. Merits**

Finally, the fifth factor turns on whether the merits of Plaintiff's position relative to Defendants' warrant an award. Plaintiff contends that the fifth and final factor in the analysis supports his position that an award of attorney's fees is appropriate. He relies on the fact that Defendants ultimately decided to satisfy his claim as support for the satisfaction of this factor in his favor. Defendants disagree, instead directing the Court to evaluate the actual arguments and positions taken by Defendants during the litigation. In light of the fact that this case was

7

ultimately resolved by settlement and the Court was never called upon to squarely review the merits of this case, the Court finds this it is unable to conclusively determine the relative merits of each party's position.

## III.   CONCLUSION

Having weighed the five relevant factors, the Court determines that an award of attorney's fees is not appropriate in this case. Plaintiff's Motion for Attorney's Fees and Costs is hereby denied.

SO ORDERED, this 29th day of March, 2007.

/s/ Hugh Lawson
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb