**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DR. STURLA STEFANSSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 5:04-cv-040 (HL) |
| | : | |
| **THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, and DISABILITY MANAGEMENT SERVICES, INC.,** | : : : : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

Currently pending before the Court is Plaintiff's Motion for Reconsideration (doc. 111). Plaintiff challenges an earlier Order (doc. 109) entered by this Court denying his request for attorney's fees. After careful consideration of the motion, Defendants' response, and applicable law, the Court presents its findings below.

**I.    BACKGROUND**

This action arose out of the alleged wrongful denial of disability insurance benefits under ERISA. The Court summarized the pertinent facts of this case in a previous order dated September 19, 2005 (doc. 99). In that order, the Court granted Defendants' Motion for Partial Summary Judgment (doc. 59). The Court's September 19 order did not completely dispose of the case, but shortly before trial was set to begin, the parties settled their dispute over the nonpayment of benefits. In a letter dated March 7, 2006, Plaintiff's counsel brought to the Court's attention that the parties had reached an agreement whereby Defendants agreed to pay Plaintiff all past due benefits and continue to pay his monthly benefits. The only issue that remained concerned Plaintiff's claim for

attorney's fees and expenses. On April 5, 2006, Plaintiff filed a motion seeking an award of attorney's fees in the amount of $216,410.50, and costs in the amount of $13,889.37. This Court denied that motion in an Order (doc. 109) dated March 29, 2007. In response, Plaintiff timely filed the above-referenced Motion to Reconsider.

## II.    STANDARD FOR MOTION FOR RECONSIDERATION

A motion for reconsideration is not a form of relief explicitly conferred by the Federal Rules of Civil Procedure. Although not specifically mentioned in the rules, motions seeking to have the court "reconsider" an earlier ruling are usually governed by Rule 59. Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. See Fed. R. Civ. P. 59(e). Reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly. See, e.g., Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d. 1337, 1339-40 (M.D. Fla. 2003). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000)(citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Hood, 278 F. Supp. 2d at 1340 (quotation and citation omitted). According to the explicit language of the Rule itself, a motion brought pursuant to Rule

59(e) must be filed no later than ten days[1] after entry of the judgment. Fed. R. Civ. P. 59(e).

## III. DISCUSSION

The crux of Plaintiff's motion is that the Court misapplied a test articulated by the United States Court of Appeals for the Eleventh Circuit. Specifically, Plaintiff contends that the Court erred in its analysis of factors enumerated in Wright v. Hanna Steel Corp. for determining whether an award of attorney's fees is appropriate in an employee benefits case such as the one presented here. When deciding whether to grant attorney's fees, a district court's determination is governed by five factors described as the "nuclei of concerns." The factors, which should guide but not control the district court's decision, are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001). Plaintiff argues that the Court's Order concluding that the first, third, and fifth factors favored Defendants' position is a

---

[1] The ten day limit comports with the local rules of this district which, unlike the Federal Rules, do reference motions for reconsideration by name. The local rule states:
> Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within ten (10) days after entry of the order or judgment. Responses shall be filed not later than ten (10) days after service of the motion. All briefs are limited to five (5) pages. There shall be no reply brief. Any requests for extensions of time for the filing of briefs with respect to a motion for reconsideration must be directed to the judge. The Clerk's Office is not authorized to grant any such extensions. Parties and attorneys for the parties shall not file motions to reconsider the court's denial or grant of a prior motion for reconsideration.

M.D. Ga. R. 7.6.

misapplication of the law. In order for Plaintiff's reconsideration motion to succeed, any perceived misapplication must rise to the level of a clear error of law. Anything less, and an amendment of the Court's order denying attorney's fees would be inappropriate.

First, Plaintiff argues that the Court misapplied the first factor of the <u>Wright</u> test because it declined to make a finding of bad faith and because it did not make a separate inquiry into Defendants' culpability. Defendants challenge Plaintiff's contention of misapplication by noting Plaintiff's alteration and amendment of his original claim.

Defendants would appear more culpable had Plaintiff proceeded with his original theory of the case. But their actions seem less culpable and more justifiable when one considers Plaintiff's change in the medical basis for his claim from a cardiac condition to cognitive impairment. In addition, it was Plaintiff who initially challenged the preemption of his state claims by ERISA, and who now wants to use ERISA's attorney fee provisions to recoup monies he spent now that the ERISA framework proved to be more favorable. In a twist of fate, it was Defendants who initially suggested the applicability of ERISA, and ultimately they did not prevail under their proffered model. To be sure, this Court does not hold that Defendants actions were reasonable, but rather that they were not worthy of being deemed culpable. While the Court acknowledges that it did not provide a separate analysis of Defendants' culpability, it is within the sound discretion of the undersigned that not doing so did not constitute a clear error of law. This is further supported by the Court's determination now that Defendants' behavior in challenging Plaintiff's claim does not rise to the level of culpable as contemplated by <u>Wright</u>.

Second, Plaintiff argues that the Court misapplied the third factor of the <u>Wright</u> test because there is Eleventh Circuit authority that could suggest that an attorney fee awarded to a prevailing

plaintiff is paramount to the remedial purposes of ERISA. Plaintiff cites an Eleventh Circuit opinion for the proposition that assessing an attorney fee may be the only incentive that could feasibly deter a defendant ERISA-plan sponsor from unnecessarily delaying the payment of benefits. See National Cos. Health Ben. Plan v. St. Joseph's Hosp., Inc., 929 F.2d 1558, 1575 (11th Cir. 1991) ("With nothing to lose but their own litigation costs, other ERISA-plan sponsors might find it worthwhile to force underfinanced beneficiaries to sue them to gain their benefits or accept undervalued settlements."). However, this Court interprets the contention to be dependent on a finding of bad faith or culpability as was the case in National Companies, but not present here. Id. ("National's attempt to avoid its obligation demonstrates its bad faith."). Further, intentionally delaying the payment of benefits to a beneficiary does pose a risk to potential defendants. ERISA-plan sponsors have to pay attorney's fees to fight the payment of benefits, and, in the event that they are unsuccessful in this right, must pay interest on any past due benefits. Therefore, the Court disagrees with Plaintiff's contention and finds that no showing of clear error was made with respect to the undersigned's determination that the third Wright factor favored a denial of attorney's fees.

Finally, Plaintiff argues that the Court misapplied the fifth factor of the Wright test because the terms of the parties' settlement actually revealed the relative merits' of their individual positions. Because, as part of the settlement, Plaintiff received all the benefits he requested, he would suggest that Defendants' yielding to Plaintiff's demands revealed that his position had been meritorious all along. While Defendants' concession might suggest the superiority of Plaintiff's argument, it is without question that this case was not decided on the merits. This Court acknowledges that reasons do exist that can persuade a party to settle other than that party's impressions of it and its opponent's relative positioning regarding the substantive law. For that reason, the Court disagrees

5

with Plaintiff and maintains its conclusion that the relative merit of the parties' positions was undeterminable. As a result, Plaintiff can make no showing of a clear error of law with respect to the fifth prong of the Wright test.

IV.   CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration (doc. 111) is DENIED.

SO ORDERED, this 12th day of December, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb